FILED
2015 Feb-27  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**VIRGINIA SARGENT,**

      **PLAINTIFF,**

**v.**                      **CIVIL ACTION NO.**

**CORIZON, LLC**

      **DEFENDANT.**                  **JURY TRIAL DEMANDED**

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II.    PARTIES

2.    Plaintiff, Virginia Sargent, (hereinafter "Plaintiff") is a resident of Helena, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.

1

Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).   Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

      3.     Defendant Corizon, LLC, (hereinafter "Defendant") is a company registered and doing business in the State of Alabama.   Therefore, this Court has personal jurisdiction over Defendant.   Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.    STATEMENT OF FACTS

      4.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

      5.     On January 2, 2006, Defendant hired Plaintiff as a Phlebotomist.

      6.     Throughout Plaintiff's employment, she was classified as an hourly paid, non-exempt employee.

      7.     Plaintiff's last hourly rate of pay with Defendant was $14.35 per hour.

      8.     Plaintiff regularly worked over forty hours in a work week.

## IV.    COUNT ONE – FLSA – Overtime Violations

      9.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-8 above.

10.     While working for Defendant during the three years preceding the filing of this complaint, Plaintiff was to receive an unpaid meal break requiring that she be fully relieved from her job duties.

11.     Until approximately two years ago, Defendant automatically deducted thirty-minutes from Plaintiff's recorded time worked for an unpaid meal break.

12.     Starting approximately two years ago, Defendant required Plaintiff to clock out and back in again for her unpaid meal break.

13.     Regardless of whether the meal break was automatically deducted or whether Plaintiff clocked out and back in again for meal breaks, Plaintiff was regularly uninterrupted during her unpaid meal breaks to perform work for the benefit of Defendant.

14.     Defendant did not pay Plaintiff for these interruptions in her unpaid meal break even though her supervisors, Patsy Clabow and Theresa Eurgle both were aware that Plaintiff was regularly working through her unpaid meal breaks without pay.

15.     In September 2014, Plaintiff sent a facsimile to Defendant's corporate HR employees submitted her complaints that she and similarly situated co-workers were all working through unpaid meal breaks without pay.

16.     Plaintiff received no reply to these faxes.

3

17.     Plaintiff was required two or three times per week to clock out at the end of her shift, but to continue to work to complete her job duties.

18.     On one or more occasions, Clabow told Plaintiff that Plaintiff had to clock out but to complete her work in order to avoid earning overtime.

19.     Since Plaintiff regularly worked over forty hours in a work week, Defendant's actions in failing to pay Plaintiff for work performed for its benefit during unpaid meal breaks and post-shift acted as a willful and intentional violation of the FLSA.

20.     As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper

and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

**SERVE DEFENDANT AT:**
Corizon, LLC
c/o Any Registered Officer or Agent
C.T. Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104